**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GIANT EAGLE, INC. and HBC SERVICE COMPANY, | ) | |
| | ) | |
| Plaintiffs and Counter Defendants, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19-cv-00904-AJS |
| | ) | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and XL SPECIALTY INSURANCE COMPANY, | ) ) ) | [This Document has been Electronically Filed] |
| | ) | |
| Defendants and Counter-Claimants. | ) | |
| _____ | ) | |
| | ) | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OLD REPUBLIC INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**THIRD-PARTY COMPLAINT OF DEFENDANT AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY**

Defendant/Third-Party Plaintiff, American Guarantee and Liability Insurance Company ("AGLIC"), by and through its attorneys, and for its Third-Party Complaint against Third-Party Defendant, Old Republic Insurance Company ("Old Republic"), states as follows:

1.     Plaintiffs, Giant Eagle, Inc. ("Giant Eagle") and HBC Service Company ("HBC") (collectively, "Plaintiffs"), initiated this declaratory judgment action by filing a complaint (the "Complaint") against only two of their *excess* insurers, AGLIC and XL Specialty Insurance ("XL"), seeking defense costs for 12 underlying opioid-related lawsuits. After filing the

Complaint, Plaintiffs tendered four additional opioid-related lawsuits to AGLIC and XL (all 16 lawsuits, collectively, the "Opioid Lawsuits.")

2.      Plaintiffs seek coverage for the Opioid Lawsuits under seven excess insurance policies issued by AGLIC (the "AGLIC Excess Policies") as well as two excess policies issued by XL (the "XL Excess Policies"). Each of the AGLIC Excess Policies and the XL Excess Policies provides coverage in excess of a primary policy issued by Old Republic (collectively, the "Old Republic Primary Policies"). However, Old Republic was *not* named as a party to this case.

3.      Plaintiffs allege that the Opioid Lawsuits seek damages because of bodily injury caused by an occurrence and thus fall within the scope of coverage under the Old Republic Primary Policies, the AGLIC Excess Policies, and the XL Excess Policies. AGLIC and XL dispute that position.

4.      Regardless, before any coverage obligation under the AGLIC Excess Policies or XL Excess Policies is triggered, the Court will need to determine whether the underlying Old Republic Primary Policies have been properly exhausted under their terms.  As set forth in paragraphs 18-23 of this Third-Party Complaint, the AGLIC Excess Policies, subject to all other terms, provisions, limitations, and exclusions, apply only upon the prior exhaustion of the immediate underlying Old Republic Primary Policies. Resolution of the coverage dispute thus depends upon the interpretation of the underlying Old Republic Primary Policies. Accordingly, AGLIC seeks declaratory relief as to the application of the underlying Old Republic Primary Policies to the Opioid Lawsuits.

5.      Furthermore, in the event the Court determines that AGLIC has a duty to defend Giant Eagle in any of the Opioid Lawsuits, then Old Republic is liable to AGLIC for its fair and

appropriate allocated share of the cost of such defense as well as any other amounts owed to Giant Eagle for the Opioid Lawsuits. Therefore, pursuant to Fed. R. Civ. P. 14, 28 U.S.C. § 1367, and 28 U.S.C. § 2201, AGLIC brings this Third-Party Complaint against Old Republic for declaratory relief, equitable contribution, and contractual or equitable subrogation.

## JURISDICTION

6.      Jurisdiction of this Court was invoked by Plaintiffs under 28 U.S.C. § 1332(a) because complete diversity exists between Plaintiffs and Defendants, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7.      Supplemental jurisdiction over this Third-Party Complaint is proper pursuant to 28 U.S.C. § 1367. This Court has supplemental jurisdiction as AGLIC's claims against Old Republic are related to and are part of the same case or controversy, namely, the issue of whether AGLIC has a duty to defend Giant Eagle in connection with the Opioid Lawsuits.

## PARTIES TO THIS ACTION

8.      Upon information and belief, Plaintiff Giant Eagle, Inc. is incorporated under the laws of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. Plaintiff HBC Service Company ("HBC") is an unincorporated operating division of Giant Eagle, Inc.

9.      Defendant/Third-Party Plaintiff AGLIC is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

10.      Upon information and belief, Defendant XL Specialty Insurance is a Delaware corporation with its principal place of business in Connecticut.

11.    Upon information and belief, Third-Party Defendant Old Republic Insurance Company ("Old Republic"), is a Pennsylvania corporation with its principal place of business in Illinois.

## FACTUAL ALLEGATIONS

### *The Old Republic Primary Policies*

12.    Old Republic issued primary commercial general liability policies to Giant Eagle as the named insured effective April 1, 2009 to April 1, 2018 (the "Old Republic Primary Policies").

13.    The Old Republic Primary Policies are summarized in the following chart:

| POLICY NUMBER | POLICY PERIOD | Limits of Liability and Self Insured Retention |
|---|---|---|
| MWZX 26658 | April 1, 2009 to April 1, 2010 | Total Aggregate Limit (Other Than Products Completed Operations) - $15 million<br><br>Designated Location Aggregate Limit (Other Than Products-Completed Operations) – $3 million<br><br>General Aggregate Limit (Other Than Products-Completed Operations) - $15 million<br><br>Products-Completed Operations Aggregate Limit-$3 million<br><br>Personal and Advertising Injury Limit – $3 million<br><br>Each Occurrence Limit - $1 million<br><br>Self Insured Retention - $1 million per occurrence, no aggregate (indemnity only) |
| MWZX 26669 | April 1, 2010 to April 1, 2011 | Same as above |
| MWZX 26706 | April 1, 2011 to April 1, 2014 | Same as above |

| MWZY 301188[1] | April 1, 2014 to April 1, 2015 | Same as above |
|---|---|---|
| MWZY 304638 | April 1, 2015 to April 1, 2016 | Same as above |
| MWZY 307316 | April 1, 2016 to April 1, 2017 | Same as above |
| MWZY 310036 | April 1, 2017 to April 1, 2018 | Same as above |

14.     The Old Republic Primary Policies provide coverage for "those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" but only if such bodily injury is caused by an "occurrence" during the policy period.

15.     Each of the Old Republic Primary Policies provides a liability limit of $1 million per occurrence. Each of the Old Republic Primary Policies is also subject to a $3 million products-completed operations aggregate limit.

16.     As detailed in AGLIC's Counterclaim, each of the Old Republic Primary Policies is subject to a "Self Insured Retention Endorsement" ("SIR Endorsement"), under which Giant Eagle is responsible for a $1 million per occurrence "self-insured retention" that is not subject to an aggregate. Giant Eagle's allocated loss adjustment expenses ("ALAE"), including defense costs, do not erode or satisfy the self-insured retention.

17.     In addition to the self-insured retention, each of the Old Republic Primary Policies includes a separate deductible endorsement (the "Deductible Endorsements") that provides that Giant Eagle's deductible equals the indemnity limits of insurance under the policy. Each of the Deductible Endorsements provides that ALAE, including defense costs, do not satisfy the deductible.

---

[1]     AGLIC is not in possession of a copy of this Old Republic Primary Policy. Upon information and belief, this policy is substantially identical to the other Old Republic Primary Policies.

*The AGLIC Excess Policies*

18.     AGLIC issued seven excess insurance policies effective during the period of April 1, 2009 to April 1, 2016 (the "AGLIC Excess Policies"), each of which provided $25 million in coverage in excess of one of the underlying Old Republic Primary Policies.

19.     The AGLIC Excess Policies provide both excess follow form liability insurance (Coverage A) and umbrella liability insurance (Coverage B).

20.     Coverage A of the AGLIC Excess Policies follows form to the Old Republic Primary Policies and applies in excess of the total applicable limits of underlying insurance (i.e., the Old Republic Primary Policies). Coverage A requires that: the insured be legally obligated to pay damages because of "bodily injury" or "property damage"; the "bodily injury" or "property damage" occur during the policy period; and the "bodily injury" or "property damage" be caused by an "occurrence."

21.     In addition, Coverage B of the AGLIC Excess Policies— the umbrella liability insurance— applies in excess of the greater of the "retained limit" or the amount payable by "other insurance," and potentially applies only if there is no coverage under the underlying Old Republic Primary Policies.  Coverage B, like Coverage A, also requires that the insured be legally obligated to pay damages because of "bodily injury" or "property damage"; the "bodily injury" or "property damage" occur during the policy period; and the "bodily injury" or "property damage" be caused by an "occurrence."

22.     The AGLIC Excess Policies provide that AGLIC's duty to defend under Coverage A will be triggered only when the applicable "underlying insurance" (the Old Republic Primary Policies) has been exhausted.

23.     The AGLIC Excess Policies provide that AGLIC's duty to defend under Coverage B will be triggered only when damages are sought for "bodily injury" or "property damage" to which no underlying insurance (including the Old Republic Primary Policies) or other insurance applies.

### The XL Excess Policies

24.     Upon information and belief, XL issued two policies in excess of the Old Republic Primary Policies that were effective during the period of April 1, 2016 to April 1, 2018 (the "XL Excess Policies").  The XL Excess Policies contain similar terms and provisions as the AGLIC Excess Policies.

### The Opioid Lawsuits

25.     As set forth in AGLIC's Counterclaim, Plaintiffs have tendered a total of 16 opioid-related lawsuits to AGLIC and XL (collectively, the "Opioid Lawsuits"), including the 12 lawsuits identified in Plaintiffs' Complaint, as well as four additional lawsuits tendered after the filing of the Complaint.

26.     AGLIC has denied coverage with respect to each of the Opioid Lawsuits because, among other reasons, (1) the Opioid Lawsuits do not seek damages because of bodily injury or property damage, and (2) in any event, Giant Eagle's defense costs do not exhaust the underlying Old Republic Primary Policies.

27.     It is AGLIC's position, as alleged in Count I of its Counterclaim, that it has no obligation to defend or indemnify Plaintiffs for the Opioid Lawsuits because those lawsuits do not seek damages because of "bodily injury" or "property damage" caused by an "occurrence".

28.     As alleged in Counts II and III of AGLIC's Counterclaim, even if the Court agrees with Plaintiffs that the Opioid Lawsuits allege potentially covered damages because of

"bodily injury" or "property damage" caused by an "occurrence," AGLIC's coverage obligation will not be triggered unless the Court additionally determines that Giant Eagle's defense costs exhaust (1) the self-insured retention, and (2) the deductible/limits of liability of the Old Republic Primary Policies, which they do not.

29.     Further, as stated in Count IV of AGLIC's Counterclaim, even assuming that Giant Eagle's defense costs erode the self-insured retention or the deductible under any of the Old Republic Primary Policies (which they do not), the Court will need to determine the number of occurrences and the triggered policy in order to determine whether any Old Republic Primary Policy has been properly exhausted.

30.     In the event the Court determines that the Opioid Lawsuits allege covered damages within the scope of the Old Republic Primary Policies, then AGLIC will be entitled to a declaration that Old Republic, as the primary insurer, has a duty to defend Giant Eagle in the Opioid Lawsuits and is liable to AGLIC for its fair and appropriate share of the cost of such defense which AGLIC pays or is ordered to pay.

## COUNT I - DECLARATORY JUDGMENT

31.     AGLIC repeats the allegations in paragraphs 1 through 30 of its Third-Party Complaint as if fully set forth herein.

32.     Giant Eagle's position is that the Opioid Lawsuits give rise to a duty to defend because they allege potentially covered damages because of "bodily injury" caused by an "occurrence", within the scope of coverage of the Old Republic Primary Policies, AGLIC Excess Policies, and/or XL Excess Policies.

33.     AGLIC's position is that none of the Opioid Lawsuits seeks damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the relevant policies.

34.     In the event this Court finds that AGLIC owes a duty to defend Giant Eagle with respect to any of the Opioid Lawsuits, AGLIC seeks the following declaratory relief against Old Republic:

a.     Old Republic, Giant Eagle's primary insurer, has the primary obligation to defend Giant Eagle in the Opioid Lawsuits under the Old Republic Primary Policies.

b.     Giant Eagle's defense costs do not erode the $1 million per occurrence self-insured retention under the Old Republic Primary Policies.

c.     Giant Eagle's defense costs do not erode the deductible or limits of liability under the Old Republic Primary Policies.

d.     The number of occurrences presented by the Opioid Lawsuits and, thus, the number of self-insured retentions and limits of liability of the Old Republic Primary Policies that must be exhausted before the AGLIC Excess Policies are triggered.

e.     Which Old Republic Primary Policy was in effect at the time of the "first manifestation" of the injury or damage that is alleged to have been caused by the insured in the Opioid Lawsuits and, thus, is the triggered policy.

f.     Whether the triggered Old Republic Primary Policy is or has been properly exhausted in regard to the Opioid Lawsuits.

g.     Whether any other policy terms, conditions, exclusions, or defenses apply to bar or limit coverage for the Opioid Lawsuits.

h.     The appropriate allocation of Giant Eagle's defense costs and any indemnity for the Opioid Lawsuits pursuant to the Old Republic Primary Policies, AGLIC Excess Policies, and XL Excess Policies.

35.     Upon information and belief, Old Republic disputes, in whole or in part, the positions AGLIC has asserted and opposes the declaratory relief AGLIC seeks in this Count I.

36.     Pursuant to 28 U.S.C. § 2201, an actual and justiciable controversy exists among Giant Eagle, AGLIC and Old Republic concerning their respective obligations to defend Giant Eagle for the Opioid Lawsuits and the fair and appropriate allocation of those defense costs and any indemnity.

## COUNT II - EQUITABLE CONTRIBUTION

37.     AGLIC repeats the allegations in paragraphs 1 through 36 of its Third-Party Complaint as if fully set forth herein.

38.     To the extent it is determined that AGLIC owes Giant Eagle a duty to defend and/or indemnify with respect to certain Opioid Lawsuits under the AGLIC Excess Policies, and AGLIC thereafter makes defense and/or indemnity payments without the participation of Old Republic, AGLIC will have paid more than its fair share of the defense and indemnity obligations which Old Republic owes to Giant Eagle under the Old Republic Policies.

39.     Therefore, to the extent that AGLIC has paid, pays, or is held liable to pay, defense costs or indemnity on behalf of Giant Eagle for the Opioid Lawsuits in excess of its fair and equitable share of such amounts, and a portion of those same costs incurred in connection with any Opioid Lawsuit is instead fairly and equitably owed by Old Republic, Old Republic is or may be liable to AGLIC for its respective fair and allocable shares under principles of equitable contribution.

## COUNT III - CONTRACTUAL OR EQUITABLE SUBROGATION

40.     AGLIC repeats the allegations in paragraphs 1 through 39 of its Third-Party Complaint as if fully set forth herein.

41.     The AGLIC Excess Policies state that if Giant Eagle has the right to recover all or part of any payment AGLIC has made under the AGLIC Excess Policies, those rights are transferred to AGLIC. The AGLIC Excess Policies further state that Giant Eagle must do nothing to impair these rights and, at AGLIC's request, will bring suit or transfer those rights to AGLIC and help AGLIC enforce them.

42.     To the extent it is determined that AGLIC owes Giant Eagle a duty to defend or indemnify with respect to any of the Opioid Lawsuits under the AGLIC Excess Policies, and AGLIC thereafter makes defense and/or indemnity payments without the participation of Old Republic, AGLIC will have satisfied defense and indemnity obligations which Old Republic instead owed to Giant Eagle with respect to those Opioid Lawsuits.

43.     In that event, Giant Eagle's rights against Old Republic are transferred to AGLIC and, therefore, Old Republic is liable to AGLIC for its respective fair and allocable shares pursuant to the AGLIC Policies as well as principles of equity.

44.     Accordingly, in the event that AGLIC has paid, pays, or is held liable to pay, defense costs or indemnity on behalf of Giant Eagle for the Opioid Lawsuits as to which those costs were owed instead by Old Republic, AGLIC is entitled to recovery against Old Republic under principles of contractual/conventional subrogation or, alternatively, under principles of equitable subrogation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Third-Party Plaintiff, American Guarantee and Liability Insurance Company, respectfully requests judgment on its Third-Party Complaint as follows:

1.     On Count I of this Third-Party Complaint, in the event this Court finds that AGLIC owes a duty to defend Giant Eagle with respect to any of the Opioid Lawsuits, that this Court additionally declare the rights and obligations of AGLIC, Giant Eagle, and Old Republic as follows:

a.     Old Republic, Giant Eagle's primary insurer, has the primary obligation to defend Giant Eagle in the Opioid Lawsuits under the Old Republic Primary Policies.

b.     Giant Eagle's defense costs do not erode the $1 million per occurrence self-insured retention under the Old Republic Primary Policies.

      c.     Giant Eagle's defense costs do not erode the deductible or limits of liability under the Old Republic Primary Policies.

      d.     The number of occurrences presented by the Opioid Lawsuits and, thus, the number of self-insured retentions and limits of liability of the Old Republic Primary Policies that must be exhausted before the AGLIC Excess Policies are triggered.

      e.     Which Old Republic Primary Policy was in effect at the time of the "first manifestation" of the injury or damage that is alleged to have been caused by the insured in the Opioid Lawsuits and, thus, is the triggered policy.

      f.     Whether the triggered Old Republic Primary Policy is or has been properly exhausted in regard to the Opioid Lawsuits.

      g.     Whether any other policy terms, conditions, exclusions, or defenses apply to bar or limit coverage for the Opioid Lawsuits.

      h.     The appropriate allocation of Giant Eagle's defense costs and any indemnity for the Opioid Lawsuits pursuant to the Old Republic Primary Policies, AGLIC Excess Policies, and XL Excess Policies.

2.     On Count II of this Third-Party Complaint, that this Court enter judgment in favor of AGLIC and against Old Republic for the amounts of defense costs and indemnity paid by AGLIC on behalf of Giant Eagle for the Opioid Lawsuits, but that that were fairly and equitably owed by Old Republic, and interest on those amounts, under principles of equitable contribution.

3.     On Count III of this Third-Party Complaint, that this Court enter judgment in favor of AGLIC and against Old Republic for the amounts of defense costs and indemnity paid by AGLIC on behalf of Giant Eagle for the Opioid Lawsuits, but that were owed by Old Republic, and interest on those amounts, under principles of contractual subrogation, or, alternatively, equitable subrogation.

4.     That this Court award such other and further relief to AGLIC as the Court deems just and proper.

Dated: October 1, 2019

Respectfully submitted,

BODELL BOVE, LLC

s/ Louis A. Bove
Louis A. Bove (Bar ID No. PA 53071)
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 864-6602
lbove@bodellbove.com

Bruce W. McCullough (admitted *pro hac vice*)
BODELL BOVE, LLC
1225 N. King Street
Suite 1000
Wilmington, DE 19801
(302) 655-6749

Michael M. Marick (admitted *pro hac vice*)
Karen M. Dixon (admitted *pro hac vice*)
James S. Buino (admitted *pro hac vice*)
SKARZYNSKI MARICK BLACK LLP
353 N. Clark Street
Suite 3650
Chicago, IL 60654
(312) 946-4200

Counsel for Defendant/Third Party Plaintiff
AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record entitled to notice who are registered users of ECF.

s/ Louis A. Bove
Louis A. Bove (Bar ID No. PA 53071)

4845-5729-5784, v. 1