IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIANT EAGLE, INC. and HBC SERVICE COMPANY, | )<br>)<br>) |
| Plaintiffs and Counter-Defendants | ) Case N. 2:19-cv-904<br>) |
| v. | ) Judge Arthur J. Schwab<br>) |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | )<br>)<br>) |
| Defendant; and | )<br>) |
| XL SPECIALTY INSURANCE COMPANY, | )<br>) |
| Defendant and Counter-Claimant. | )<br>) |
| XL SPECIALTY INSURANCE COMPANY, | )<br>) |
| Third-Party Plaintiff | )<br>) |
| v. | )<br>) |
| OLD REPUBLIC INSURANCE COMPANY, | )<br>) |
| Third-Party Defendant. | ) |

### XL SPECIALTY INSURANCE COMPANY'S THIRD-PARTY COMPLAINT AGAINST OLD REPUBLIC

Third-Party Plaintiff, XL Specialty Insurance Company ("XL"), by and through its counsel, Alan T. Silko, Esquire and Silko & Associates, P.C., files this Third-Party Complaint against Third-Party Defendant, Old Republic Insurance Company ("Old Republic"), in accordance with Rule 14 of the Federal Rules of Civil Procedure, and states in support thereof as follows:

1.   The Complaint in this action is brought by Giant Eagle, Inc. and HBC Service Company (collectively, "Giant Eagle"), against XL and American Guarantee and Liability

{S0800962.1 }

Insurance Company ("Zurich"), for declaratory relief regarding alleged defense and indemnity coverage under certain excess policies issued and/or allegedly issued by XL and Zurich to Giant Eagle in connection with various underlying opioid lawsuits that have been, and may in the future be, filed against Giant Eagle (collectively referred to herein as the "Opioid Lawsuits").

2. Pursuant to Rule 14 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1367 and 2201, and in the event that Giant Eagle prevails on its claim that coverage is owed with respect to one or more of the Opioid Lawsuits, which is denied by XL, XL brings this third-party action against Old Republic with respect to certain policies of insurance issued by Old Republic for the same policy periods as the XL policies.

3. In the event Giant Eagle prevails in its action against XL, XL in this Third-Party Complaint against Old Republic asserts claims for declaratory relief (Count I), equitable contribution (Count II), and contractual or equitable subrogation (Count III) in order to obtain this Court's rulings regarding the appropriate allocation of defense costs and indemnity for the Opioid Lawsuits among XL and Old Republic with regard to the overlapping policy years of the XL and Old Republic policies as more fully described, below.

**JURISDICTION**

4. This Court has subject matter jurisdiction over Giant Eagle's claims against XL and Zurich pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties, and the amount in controversy exceeds eventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. This Court has supplemental jurisdiction with regard to the Third-Party Complaint pursuant to 28 U.S.C. § 1367, as XL's third-party claims against Old Republic are related to and are part of the same case or controversy at issue in the Complaint.

## PARTIES

6. XL is a Delaware corporation with its principal place of business in Connecticut.

7. Old Republic is a Pennsylvania corporation with its principal place of business in Pennsylvania.

## FACTUAL ALLEGATIONS

8. Twelve government entities have sued HBC in lawsuits alleging that HBC, as a distributor and retailer of prescription opioid drugs, failed to prevent the diversion of prescription opioids and maintain effective controls to identify, report, and halt suspicious orders of prescription opioids.

9. Seven of the aforementioned lawsuits are pending in a multi-district litigation in the Northern District of Ohio ("MDL"). The remaining five lawsuits were initially filed in New York state court, but they have been removed to federal courts in New York.

10. Old Republic issued to Giant Eagle a series of primary commercial general liability policies in effect from April 1, 2009 through April 1, 2018.

11. The Old Republic policies at issue in this third-party action are policy MWZY 307316 issued for policy period April 1, 2016 through April 1, 2017, and policy MWZY 310036 issued for policy period April 1, 2017 to April 1, 2018 (the "Old Republic Policies").

12. XL issued the following policies that are excess of the Old Republic Policies: Policy Number US00074903LI16A issued for the April 1, 2016 to April 1, 2017 policy period and Policy Number US00074903LI17A issued for the April 1, 2017 to April 1, 2018 policy period (the "XL Excess Policies").

13. Giant Eagle seeks in this lawsuit a declaration that coverage for the twelve suits pending against HBC, as well as all similar future opioid-related suits, is available under the XL

Excess Policies. XL's coverage position is detailed more specifically in its Answer and Counterclaim filed herein, and each of those coverage positions is incorporated herein by reference.

14. There are no material differences in the terms and conditions of the Old Republic Policies with respect to any issue relevant to this dispute.

15. The Old Republic Policies provide coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,'" provided such "bodily injury" is caused by an "occurrence" that occurs during the relevant policy period.

16. Each of the Old Republic Policies provides liability limits of $1,000,000 per occurrence, which apply excess of a self-insured retention of $1,000,000 per occurrence and which are also subject to a deductible equal to "the Limits of Insurance/Liability as provided under the policy plus all ALAE/Supplementary Payments" and a $3,000,000 products-completed operations aggregate limit.

17. Old Republic's coverage obligations under the Old Republic Policies only arise after the self-insured retention ("SIR") set forth in each of the Old Republic Policies (in the amount of $1,000,000 per occurrence) is satisfied. Allocated loss adjustment expenses ("ALAE") do not erode or satisfy the SIR.

18. If and when Old Republic's coverage obligations arise, those coverage obligations are then subject to a deductible, which is equal to "Limits of Insurance/Liability as provided under the policy plus all ALAE/Supplementary Payments."

19. In the event Old Republic ever has a coverage obligation, it may "pay any part or all of the deductible to effect settlement of any claim or 'suit'" and then seek reimbursement for the amount of the deductible from Giant Eagle.

20. Satisfaction of an Old Republic Policy's deductible obligation reduces the limits of liability of that policy, and thereby may exhaust the policy.

21. Giant Eagle alleges in its Complaint that it has spent $2,000,000 in defense costs defending the Opioid Lawsuits and contends that such payments have exhausted the Old Republic Policies, thereby triggering XL's duty to defend under the XL Policies.

22. As more fully set forth in its Answer and Counterclaim, *supra*, XL denies that coverage is available to Giant Eagle under the XL Excess Policies for the Opioid Lawsuits.

23. XL further denies that it has any coverage obligation to Giant Eagle because Giant Eagle has not exhausted the Old Republic Policies. XL denies that Giant Eagle's payment of defense costs can satisfy its SIR obligations under the Old Republic Policies. XL further denies that the Opioid Lawsuits arise out of one "occurrence" and that Plaintiffs are only required to satisfy a single SIR and per limit/deductible obligation under the Old Republic Policies.

24. To the extent it is judicially determined that XL's pertinent coverage defenses and claims for declaratory relief are not sustained and that Giant Eagle's payment of defense costs satisfies the SIR obligations of the Old Republic Policies, then Old Republic's coverage obligations under the Old Republic Policies are triggered.

25. In that event, Old Republic would have a current duty to defend Giant Eagle in the Opioid Lawsuits and any refusal to participate in the defense of Giant Eagle in the Opioid Lawsuits would constitute a breach of its duties under the Old Republic Policies.

26. If Giant Eagle obtains a declaratory judgment against XL that obligates XL to defend Giant Eagle under the XL Excess Policies and obligates XL to make payments to defend Giant Eagle in the Opioid Lawsuits, then Old Republic is liable to XL for its fair and appropriate share of the cost of such defense.

## COUNT I – DECLARATORY JUDGMENT

27. XL reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

28. For the foregoing reasons, to the extent it is determined that XL is obligated to defend Giant Eagle in connection with the Opioid Lawsuits (which obligation XL denies), then XL is entitled to judgment declaring that:

   a. Giant Eagle's satisfaction of the Old Republic Policies' SIR obligations triggers Old Republic's duty to defend;

   b. To the extent Old Republic has refused to defend Giant Eagle in the Opioid Lawsuits, Old Republic has breached its duties to defend Giant Eagle; and

   c. To the extent XL makes payments to defend Giant Eagle in the Opioid Lawsuits through declaratory or other judgments issued in this case, then Old Republic is liable to reimburse XL for its fair and appropriate share of such payments.

29. An actual controversy exists by and among XL and Old Republic regarding their respective obligations to defend and to indemnify Giant Eagle for the Opioid Lawsuits under the Old Republic and XL Excess Policies, such that judicial declarations are necessary and appropriate at this time.

WHEREFORE, in the event this Court determines that XL is obligated to defend Giant Eagle in connection with the Opioid Lawsuits (which obligation XL denies), XL respectfully requests that this Court enter judgment declaring the rights and obligations of Old Republic and XL under the Old Republic and XL Excess Policies for the Opioid Lawsuits as follows:

    a. That Giant Eagle's satisfaction of the Old Republic Policies' SIR obligations triggers Old Republic's duty to defend;

    b. That, to the extent Old Republic has refused to defend Giant Eagle in the Opioid Suits, Old Republic has breached its duties to defend Giant Eagle;

    c. That, if Giant Eagle obtains a declaratory judgment against XL, to the affect that XL it is obligated to defend Giant Eagle under the XL Excess Policies, and if XL makes payments to defend Giant Eagle in the Opioid Lawsuits, then Old Republic is in turn be liable to XL for its fair and appropriate share of the cost of such payments; and

    d. For such other and further relief to XL as the Court deems just and proper.

## COUNT II - EQUITABLE CONTRIBUTION

30. XL reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

31. To the extent it is determined that XL owes Giant Eagle a duty to defend and/or indemnify with respect to certain Opioid Lawsuits under the XL Policies, and XL thereafter makes defense and/or indemnity payments without the participation of Old Republic, XL will have satisfied more than its fair share of the defense and/or indemnity obligations which Old Republic owes to Giant Eagle under the Old Republic Policies.

32. In that event, Old Republic is liable to XL for its respective fair and allocable shares under principles of equitable contribution.

WHEREFORE, in the event this Court determines that XL is obligated to defend and/or indemnify Giant Eagle in connection with the Opioid Lawsuits (which obligation XL denies), XL respectfully requests that this Court enter judgment against Old Republic for defense costs and/or

indemnity that were paid by XL, but that were owed by Old Republic, and interest on those amounts, under principles of equitable contribution, and for such other and further relief to XL as the Court deems just and proper.

### COUNT III - CONTRACTUAL OR EQUITABLE SUBROGATION

33. XL reasserts and incorporates by reference the above Paragraphs as if fully set forth herein.

34. The XL Excess Policies state that if Giant Eagle has the right to recover all or part of any payment XL has made under the XL Excess Policies, those rights are transferred to XL. The XL Excess Policies further state that Giant Eagle must do nothing to impair these rights and must help XL enforce them (the "Contractual Subrogation Provisions").

35. To the extent it is determined that XL owes Giant Eagle a duty to defend and/or indemnify with respect to certain Opioid Lawsuits under the XL Excess Policies, and XL thereafter makes defense and/or indemnity payments without the participation of Old Republic, XL will have satisfied defense and/or indemnity obligations which Old Republic instead owed to Giant Eagle with respect to those Opioid Lawsuits.

36. In that event, Giant Eagle's rights against Old Republic are transferred to XL and, therefore, Old Republic is liable to XL for its respective fair and allocable shares pursuant to the Contractual Subrogation Provisions.

37. Alternatively, to the extent it is determined that the Contractual Subrogation Provisions do not apply, XL brings its claims in this count under principles of equitable subrogation.

WHEREFORE, in the event this Court determines that XL is obligated to defend and/or indemnify Giant Eagle in connection with the Opioid Lawsuits (which obligation XL denies), XL

respectfully requests that this Court enter judgment against Old Republic for defense costs and/or indemnity that were paid by XL, but that were owed instead by Old Republic, and interest on those amounts, under principles of contractual subrogation or, alternatively, equitable subrogation, and for such other and further relief to XL as the Court deems just and proper.

Dated:  October 7, 2019

Respectfully submitted,

*/s/ Alan T. Silko*

_____
Alan T. Silko, Esquire
Pa. I.D. #46837
ASilko@Silkolaw.com
SILKO & ASSOCIATES, P.C.
80 Emerson Lane
Suite 1305
Bridgeville, PA 15017
412-914-0144 (office)
ATTORNEYS FOR XL SPECIALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on 7th day of October, 2019, a copy of the foregoing **Defendant XL Specialty Insurance Company's Third-Party Complaint** was filed electronically via the ECF filing system.

Respectfully submitted,

*/s/ Alan T. Silko/*

_____
Alan T. Silko, Esquire
Pa. I.D. #46837
ASilko@Silkolaw.com
SILKO & ASSOCIATES, P.C.
80 Emerson Lane
Suite 1305
Bridgeville, PA 15017
412-914-0144 (office)
ATTORNEYS FOR XL SPECIALTY
INSURANCE COMPANY