IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GIANT EAGLE, INC., ET AL.,

      Plaintiffs,

      v.

AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY, ET
AL.,

      Defendants.

19cv0904
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER

Before the Court is Defendants' Joint Motion to Extend Time to File a Response to Plaintiffs' Motion for Partial Summary Judgment. [ECF 79](). Plaintiffs filed a Response to the instant Motion ([ECF 82]()) and Defendants filed a Reply ([ECF 83](), as amended by [ECF 84]()) making the matter ripe for adjudication. The Court will GRANT IN PART and DENY IN PART Defendants' Joint Motion to Extend Time for the reasons that follow.

**I. Factual and Procedural Background**

This is a declaratory judgment action. Plaintiffs seek a declaration that Defendants (who are insurance carriers) owe them: (1) a defense and (2) coverage with respect to several lawsuits filed in Ohio and New York (herein the "underlying lawsuits"). In these underlying lawsuits numerous individuals seek to recover damages for alleged bodily injuries they claim to have incurred as a result of Plaintiffs' alleged role(s) in the sales and distribution of prescription

opioids. ECF 1. Plaintiffs herein claim that "[m]any of these [underlying] lawsuits are part of the largest multidistrict litigation in United States history." Id. Plaintiffs seek the two declarations requested, because Defendants herein have either "denied coverage and refused outright to defend Giant Eagle" against the underlying claims (Defendant American Guarantee and Liability Insurance Company, hereinafter "Zurich"), or "simply ignore[ed] Giant Eagle's multiple requests for a defense[,]" but eventually, "issued a reservation of rights without assuming a defense" (Defendant XL Specialty Insurance Company, hereinafter "XL"). Id.

Both Defendants filed an Answer to Plaintiffs' declaratory judgment Complaint, and both also filed Third Party Complaints against Old Republic Insurance Company ("Old Republic"). ECF 36, ECF 39, ECF 41 and ECF 43. The Third Party Complaints filed by Defendants Zurich and XL allege that if Plaintiffs prevail on their claim and obtain a declaration that a defense and/ or indemnification is owed by Defendants with respect to one or more of the underlying opioid lawsuits, Zurich and XL seek various declarations concerning the interplay between and among Old Republic, Giant Eagle, and Zurich and XL, as well as equitable contribution, and contractual or equitable subrogation. Id.

On October 22, 2019, an Amended Complaint was filed by Plaintiffs. ECF 46. Defendants, again, filed Answers with Counterclaims (ECF 47 and ECF 48) and Plaintiffs filed Answers to those Counterclaims. ECF 64 and ECF 65.

Following these submissions, the Court held its initial case management conference on November 20, 2019. ECF 67. During the conference, Plaintiffs represented that they wished to file a dispositive motion on the duty to defend issue after the pleadings closed on December 9, 2019. ECF 78. Therefore, the Court continued its initial case management conference to

February 5, 2020, but set a briefing schedule for any dispositive motion (such as a motion for partial judgment on the pleadings as was referenced by Plaintiffs' counsel during the November 20, 2019 conference). Id.

Specifically, the Court ordered: (1) Plaintiffs to file any dispositive Motion on or before December 12, 2019; (2) Defendants to file a Response on or before January 10, 2020; and (3) Plaintiffs to file a Reply on January 24, 2020. Plaintiffs timely filed their dispositive Motion and Brief in Support of same on December 12, 2019, seeking a Partial Summary Judgment on the declaration that Defendants have a duty to defend Plaintiffs in the underlying opioid litigation. [ECF 75](#) and [ECF 76](#).

On December 23, 2019, Defendants filed the instant Joint Motion for Extension of Time to File Response/Reply to Oppose Plaintiffs' Motion for Partial Summary Judgment essentially claiming that much additional discovery must be conducted prior to Defendants being able to argue against the Motion for Partial Summary Judgment. [ECF 79](#) and [ECF 80](#).

Defendants in their Joint Motion specifically claim they need this additional discovery in order to argue that the underlying policies have not yet been exhausted. They further argue that in order to make their own determination as to whether the underlying policies have been exhausted, they must first determine whether payment of defense costs constitutes a "loss" as defined by the underlying insurance policies and whether each underlying lawsuit is a separate occurrence. [ECF 80](#) and [ECF 84](#). Defendants claim that they are entitled to discovery on matters concerning, *inter alia*, "loss" and "occurrence" before they allegedly can respond on January 10, 2020 to Plaintiffs' request for Partial Summary Judgment. Id.

Plaintiffs' Response to the Motion to Extend Time essentially claims that Defendants failed to raise any facts that need to yet be discovered in order for this Court to make a ruling on the discreet duty to defend issue. ECF 82. Further, Plaintiffs contend that the one factual issue – whether payment of defense costs constitutes "loss" as defined by the insurance policies – is an issue that this Court can, and must, resolve without discovery. Id.

**II. Discussion**

This Court is satisfied that, under Pennsylvania law, an insurance carrier's duty to defend differs greatly from its duty to provide coverage, regardless of whether that insurer is an excess or primary insurance carrier.

As explained by the United States Court of Appeals for the Third Circuit:

> An insurer's duty to defend "is a distinct obligation" that is "different from and broader than the duty to indemnify." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005) (citations omitted). Because an insurer's duty to defend its insured in a lawsuit is broader than its duty to indemnify, it necessarily follows that it will not have a duty to indemnify an insured for a judgment in an action for which it was not required to provide defense. *Id.* (citations omitted) [footnote omitted]. Under Pennsylvania law, which is applicable on the insurance coverage issue, a court ascertaining whether an insurer has a duty to defend its insured makes its determination by defining the scope of coverage under the insurance policy on which the insured relies and comparing the scope of coverage to the allegations of the underlying complaint. *Id.* at 226; *see also Gen. Accident Ins. Co. of Am. v. Allen*, 547 Pa. 693, 692 A.2d 1089, 1095 (1997). If the allegations of the underlying complaint potentially could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case. *Sikirica*, 416 F.3d at 226 (*citing Gen Accident Ins. Co. of Am.*, 692 A.2d at 1095).

*Ramara, Inc. v. Westfield Ins. Co.,* 814 F.3d 660, 673 (3d Cir. 2016). In addition, the Court of Appeals has also held:

> To determine whether an obligation to defend exists under the usual liability policy, the "court typically looks to the allegations of the complaint to decide whether the third party's action against the insured states a claim covered by the policy." *Am. Ins. Grp. v. Risk Enter. Mgmt., Ltd.*, 761 A.2d 826, 829 (Del. 2000). So long as one count or claim is covered under the policy, the duty to defend is triggered. Any doubt or ambiguity as to the pleadings or the policy terms should be resolved in favor of the insured. *See Cont'l Cas. Co. v. Alexis I. duPont Sch. Dist.*, 317 A.2d 101, 105 (Del. 1974).

*Am. Legacy Found., RP v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 623 F.3d 135, 139–40 (3d Cir. 2010).

In the instant case, Plaintiffs' Motion for Partial Summary Judgment on the duty to defend issue (ECF 75), argues that this Court, upon comparing the allegations of the instant Complaint with the insurance policies' language, must order Defendants to defend Plaintiffs in the underlying lawsuits in accordance with the terms and conditions of those policies. Colloquially, Plaintiffs suggest this Court must apply the "eight-corners" test. *See Ramara, supra,* at 673-74 ("Importantly, Pennsylvania adheres to the "four corners" rule (also known as the "eight corners" rule), under which an insurer's potential duty to defend is determined solely by the allegations of the complaint in the [underlying] action.").

Defendants contend that a determination on the duty to defend issue utilizing the "eight corners" rule cannot be performed because the insurance at issue in the instant case is excess insurance which "follows form" of the primary insurance, and thus there are additional questions to be answered prior to any determination with respect to the excess carrier's obligation to defend in the face of the factual averments set forth in the instant Complaint. Stated differently, Defendants suggest that because their policies are excess policies which overlay primary policies (issued by Old Republic) and a self-insured retention policy (governed by an agreement between

Old Republic and Plaintiff Giant Eagle), those policies must first be exhausted (by a covered loss (or losses)) before Defendants' excess polices' duty to defend can be triggered. Defendants' Joint Motion to Extend Time (ECF 79) argues that because exhaustion is a prerequisite to the duty to defend, Plaintiffs will need to prove to this Court that all of the underlying policies have been exhausted, before an eight corners analysis can be performed by this Court to determine whether Defendants owe a duty to defend. Defendants further argue that in light of the amount of extrinsic evidence created by the layering of the policies and the need for the Court to first determine whether the underlying policies have been exhausted – which Defendants contend must first be obtained for the Court to consider before deciding Plaintiffs' Motion for Partial Judgment – there is not sufficient time for Defendant to complete the discovery necessary to Respond to Plaintiffs' Motion for Partial Summary Judgment on January 10, 2020.

The Court both agrees and disagrees with Defendants' position.

First, the Court finds no matter what type of insurance policy is at issue – excess, umbrella, primary – Pennsylvania law and the Federal Courts applying Pennsylvania law have consistently and uniformly held that an insurance company's duty to defend its insured is a distinct duty which differs from, and is broader than, its duty to indemnify its insured. Thus, this Court will not allow Defendants to conflate the policies' indemnification provisions with the policies' defense obligations.

To this end, this Court notes that in *Lexington Ins. Co. v. Charter Oak Fire Ins. Co.*, 81 A. 3d 903, 909–10 (Pa. Super. 2013), the Superior Court of the Commonwealth of Pennsylvania, specifically discussed an excess insurance carrier's duty to defend the insured. In reaching its conclusion the Superior Court stated:

> No Pennsylvania appellate court has addressed when an exhaustion clause triggers an excess insurer's duty to defend.
>
> *   *   *
>
> In our view, the duty to defend is sufficiently different from the duty to indemnify that we conclude that *Zeig* and *Koppers* are not persuasive. Clearly, one difference is the scope of the duty. The duty to defend is broader than the duty to indemnify. *See Am. and Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 606 Pa. 584, 2 A.3d 526, 540–41 (2010) *(Jerry's Sport Ctr.)* However, the precise question here is not <u>whether</u> North River should be required to defend CMX, but rather it is <u>when</u> North River's duty arises. Thus, there is a temporal element implicit to the duty to defend that finds no corollary in the *Zeig* or *Koppers* analysis of the duty to indemnify. Moreover, we agree with recent precedent from the Second Circuit, distinguishing *Zeig*. In *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 94 (2d Cir.2013), the Second Circuit concluded that an excess insurer does have a relevant interest in awaiting actual payment of a settlement by the primary insurer. According to the Second Circuit, excess insurers "had good reason" to dissuade insureds from "structur[ing] inflated settlements with their adversaries . . . that would have the same effect as requiring [excess insurers] to drop down and assume coverage [prematurely]." *Id.*
>
> Absent binding precedent to the contrary, our analysis is limited to applying longstanding principles to the interpretation of insurance contracts. See *Baumhammers*, 938 A.2d at 290; *Genaeya Corp.*, 991 A.2d at 346–47. After reviewing the North River exhaustion clause, we conclude that its terms are clear and unambiguous. The clause provides that North River "will have the right and duty to defend the [i]nsured ... when the applicable limits of '[u]nderlying [i]nsurance' and '[o]ther [i]nsurance' have been exhausted by payment of judgments or settlements." Commercial Umbrella Policy, at 4 (emphasis added). To accept Lexington's interpretation of this clause improperly would render superfluous the "by payment of" language in the North River policy. We must give this language effect. *Baumhammers* at 290. Accordingly, we hold that North River's duty to defend is triggered by the actual payment of the relevant primary insurance.

*Lexington*, at 909 – 10 (emphasis in original).

Although no Party referenced *Lexington* in their briefs, the Court finds that Defendants' Joint Motion argues that most, if not all, of the discovery it seeks is being sought to disprove that the underlying policies have been exhausted by a covered loss (or losses) due to an occurrence or

occurrences. Defendants claim they need this discovery to defend themselves as to whether they owe a duty defend and request additional time to flush out discovery on the sub-issues of loss and occurrence. Discovery of this nature clearly goes beyond whether Defendants owe a duty to defend.

Second, it appears to this Court that Plaintiffs have already supplied Defendants with the Old Republic insurance policies over which the Defendants' policies "follow form." See [ECF 77-4](#) and [ECF 77-5](#). In addition, it appears to this Court that Plaintiffs have also supplied Defendants with the language of its self-insured retention agreement with Old Republic. However, to the extent that there is an additional policy or policies underlying Defendants' policies which has not, or have not, been produced in their entirety, the Court will order Plaintiffs to produce same by January 6, 2020.

In addition, as noted by the Parties, Plaintiffs and Defendants entered into a Confidentiality Agreement concerning invoices and possible other documents Defendants sought. Plaintiffs note that they promised to deliver to Defendants unredacted versions of these documents by January 6, 2020. [ECF 82](#). The Court, to ensure that this discovery is produced in a timely fashion, will Order that same be produced to Defendants on or before January 6, 2020.

Finally, as noted above, Plaintiffs bear the burden of proving that no material fact exists in order for the Court to declare that Defendants owe a duty to defend. Thus, any other document that Plaintiffs intend to reply upon (to the extent not already produced and attached to the Concise Statement of Material Facts at [ECF 77](#)), should be produced to Defendants and filed on the docket as a Supplement to their Concise Statement of Material Facts by no later than January 6, 2020.

**ORDER**

AND now, this 2nd day of January 2020, the Court hereby GRANTS IN PART Defendants' Joint Motion for an Extension of Time (ECF 79) in that it ORDERS Plaintiffs to produce any policies of insurance (not previously produced) over which Defendants' policies are excess, on or before January 6, 2020. The Court further ORDERS that Plaintiffs produce by January 6, 2020, unredacted versions of the documents subject to the Confidentiality Agreement executed by the Parties. The Court also ORDERS that Plaintiffs produce any other document upon which they intend to rely in Support of their Motion for Partial Summary Judgment (to the extent not already produced and attached to the Concise Statement of Material Facts at ECF 77), and file same on the docket as a Supplement to their Concise Statement of Material Facts by no later than January 6, 2020.

The Court DENIES Defendants' Joint Motion (ECF 79) in all other respects. Accordingly, Defendants' Response to the Plaintiffs' Motion for Partial Judgment remains due by January 10, 2020.

SO ORDERED, this 2nd day of January, 2020.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All ECF Registered Counsel of Record