IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIANT EAGLE, INC. and HBC SERVICE COMPANY, | ) ) ) ) 2:19-cv-00904-RJC ) ) ) Judge Robert J. Colville ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs and Counterclaim Defendants, | |
| vs. | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY | |
| Defendant and Counterclaimant, and | |
| XL SPECIALTY INSURANCE COMPANY, | |
| Defendant and Counterclaimant. | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court are the following Motions: (1) the Motion for Partial Summary Judgment (ECF No. 200) filed by Defendant and Counterclaimant American Guarantee and Liability Insurance Company ("AGLIC"); and (2) the Motion for Partial Summary Judgment (ECF No. 204) filed by Defendant and Counterclaimant XL Specialty Insurance Company ("XL").[1]  Plaintiffs Giant Eagle, Inc. and HBC Service Company (collectively, "Giant Eagle") oppose the Pending Motions.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

---

[1] The Court shall refer to AGLIC's Motion for Partial Summary Judgment and XL's Motion for Partial Summary Judgment collectively as the "Pending Motions."

1

In support of its Motion, AGLIC has filed a Brief in Support (ECF No. 201) and a Concise Statement of Material Facts (ECF No. 202). Giant Eagle has filed a Response (ECF No. 208) to AGLIC's Motion and a responsive Concise Statement (ECF No. 209). AGLIC subsequently filed a Reply (ECF No. 215) and Response (ECF No. 216) to Giant Eagle's responsive Concise Statement. In support of its Motion, XL has filed a Brief in Support (ECF No. 205) and a Concise Statement of Material Facts (ECF No. 206). Giant Eagle has filed a Response (ECF No. 211) to XL's Motion and a responsive Concise Statement (ECF No. 212). XL subsequently filed a Reply (ECF No. 217) and Response (ECF No. 218) to Giant Eagle's responsive Concise Statement. Giant Eagle has also filed a Surreply in Combined Opposition (ECF No. 224) to the Pending Motions, and AGLIC (ECF No. 225) and XL (ECF No. 228) have each responded to the same. The Pending Motions have been fully briefed, and are ripe for disposition.

I.     **Factual Background & Procedural History**

This Court has already issued several Opinions in this matter (ECF Nos. 112; 179; 198), and, in doing so, has set forth in detail most of the relevant factual background and procedural history of this case. The Court's previous descriptions of the factual background and procedural history of this case are incorporated herein by reference, and are supplemented as follows:

In this declaratory judgment action, Giant Eagle seeks a declaration that AGLIC and XL each owe Giant Eagle a duty to defend and a duty to indemnify with respect to multiple lawsuits pending against Giant Eagle in the action captioned *In re Nat'l Prescription Opiate Litig.*, No. 2804 (N. D. Ohio) ("Opioid MDL"). Op. 2, ECF No. 112. The Court's November 9, 2020 Opinion (ECF No. 112) and Order of Court (ECF No. 113) in this matter granted the Motion for Partial Summary Judgment on the Duty to Defend (ECF No. 75) filed by Giant Eagle. By way of its Motion for Partial Summary Judgment, Giant Eagle sought partial summary judgment declaring

that AGLIC and XL owe a duty to defend Giant Eagle in four cases[2] that have been transferred to the Opioid MDL under certain of the excess insurance policies issued to Giant Eagle by AGLIC and XL (the "AGLIC Policy" and the "XL Policy," as defined in this Court's previous Opinions). In support of its Motion for Partial Summary Judgment, Giant Eagle argued, inter alia, that its payment of defense costs in these underlying lawsuits could trigger AGLIC's duty to defend under the AGLIC Policy and XL's duty to defend under the XL Policy.[3]  This Court granted Giant Eagle's Motion for Partial Summary Judgment, and ultimately held as follows:

> The Court finds that declaratory judgment is appropriate with respect to Count I of Plaintiffs' First Amended Complaint (ECF No. 46), and holds that Defendant American Guarantee and Liability Insurance Company owes a duty to defend Plaintiffs under Commercial Umbrella Liability Policy, No. AUC 2856587-17 and that Defendant XL Specialty Insurance Company owes a duty to defend Plaintiffs under Commercial Excess Follow Form and Umbrella Liability Policy No. US00074903LI16A in the following lawsuits: *County of Cuyahoga, Ohio v. Purdue Pharma L.P., et al.*, Case No 17-OP-45004 (N.D. Ohio); *County of Summit, Ohio v. Purdue Pharma L.P., et al.*, Case No 18-OP-45090 (N.D. Ohio); *Artz, et al. v. Endo Health Solutions, Inc., et al.*, Case No 19-op-45459 (N.D. Ohio); and *Frost, et. al. v. Endo Health Solutions, Inc., et al.*, Case No 18-op-46327 (N.D. Ohio).

Order 2, ECF No. 113.

On December 2, 2020, AGLIC filed a Motion for Reconsideration (ECF No. 123) with respect to the Court's November 9, 2020 Opinion and Order of Court, and XL subsequently joined in the request for relief made therein, *see* ECF No. 133.  Following extensive briefing, the Court entered its May 25, 2021 Opinion (ECF No. 179) and Order of Court (ECF No. 180), which granted the Motion for Reconsideration, vacated the November 9, 2020 Opinion and Order of Court, and

---

[2] *County of Cuyahoga, Ohio v. Purdue Pharma L.P., et al.*, Case No 17-OP-45004 (N.D. Ohio); *County of Summit, Ohio v. Purdue Pharma L.P., et al.*, Case No 18-OP-45090 (N.D. Ohio); *Artz, et al. v. Endo Health Solutions, Inc., et al.*, Case No 19-op-45459 (N.D. Ohio); and *Frost, et. al. v. Endo Health Solutions, Inc., et al.*, Case No 18-op-46327 (N.D. Ohio).  *See* Proposed Order 2-3, ECF No. 75-1.

[3] The Court notes that Giant Eagle was covered by commercial general liability policies issued by Old Republic which ran from April 1, 2015 to April 1, 2016 (the "2016 Old Republic Policy") and from April 1, 2016 to April 1, 2017 (the "2017 Old Republic Policy") (collectively, the "Old Republic Policies").  Op. 3, ECF No. 179.  The Court's analysis in its previous Opinions required interpretation of the Old Republic Policies.

denied Giant Eagle's Motion for Partial Summary Judgment. Order 2, ECF No. 180. The basis for that decision is discussed at length in the Court's May 25, 2021 Opinion. In summarizing the basis for its decision, the Court explained as follows:

> Upon reconsideration of Giant Eagle's Motion for Partial Summary Judgment, the Court finds . . . that Giant Eagle has not met its burden of establishing that there is no genuine dispute of material fact as to Giant Eagle's assertion that Giant Eagle's payment of defense costs in the underlying lawsuits constitutes payment of a "loss" which has exhausted or exceeded the limits of the Old Republic Policies such that the duty to defend under either the AGLIC Policy or the XL Policy has been triggered. Because defense costs do not exhaust the Old Republic Policies, and because the 2016 Old Republic Policy must be exhausted before AGLIC's duty to defend arises under the AGLIC Policy, Giant Eagle has not met its burden of establishing that AGLIC's duty to defend under the AGLIC Policy has been triggered. Further, under the clear terms of the policies relevant herein, the definition of "loss" in both the AGLIC Policy and the XL Policy does not include defense costs, and the payment of defense costs thus cannot trigger the duty to defend under either excess policy. Accordingly, the Court cannot find that Giant Eagle has met its burden of establishing that AGLIC and XL owe Giant Eagle a defense in the underlying lawsuits at this time. Giant Eagle's Motion for Partial Summary Judgment will be denied.

Op. 48, ECF No. 179.

Giant Eagle subsequently filed a Motion seeking leave to file a second amended complaint (ECF No. 186) in this matter. By way of that Motion, Giant Eagle sought to add six additional insurers, each of whom issued at least one insurance policy to Giant Eagle during the timeframe of April 1, 2005 to April 1, 2018, as defendants in this action, and further sought to assert claims related to the same and additional claims against AGLIC arising out of policies issued by AGLIC to Giant Eagle during the timeframe of April 1, 2005 to April 1, 2009. The Court found that the proposed amendments in Giant Eagle's Motion would have resulted in a significant expansion of this case, with the addition of new parties, insurance policies, defenses, and potential further motion practice, all of which the Court held would have resulted in a burden on the Court and inefficient, piecemeal litigation. The Court ultimately denied that Motion.

Giant Eagle then filed a second Motion (ECF No. 227) seeking leave to file a second amended complaint, explaining:

> The proposed amendments do not add new parties or policies. They seek only to align the pleadings with Giant Eagle's recent settlement of most but not all the underlying opioid lawsuits. First, the amended complaint asserts a claim for damages for Defendants' breach of their contractual duty to indemnify Giant Eagle for the settlement payment. Second, consistent with this Court's May 25, 2021 Opinion (ECF No. 179), Giant Eagle seeks to supplement its pending duty-to-defend claims by expressly alleging that the settlement payment exhausts the limits of the policies underlying the Defendants' policies and triggers their duty to defend Giant Eagle in the non-settled and ongoing opioid lawsuits.

Br. in Supp. of Mot. to Amend 1, ECF No. 227. The Court granted this second Motion seeking leave to amend, and Giant Eagle filed its Second Amended Complaint (ECF No. 233) on May 11, 2022. Accordingly, since the filing of the Pending Motions, Giant Eagle has filed a Second Amended Complaint, AGLIC and XL have each filed Answers and Counterclaims, and Giant Eagle has answered the Counterclaims. Important to the Court's consideration herein, and as noted above, Giant Eagle has now alleged that it has settled several of the lawsuits in the Opioid MDL, and has averred that the same may serve as a trigger for the duties owed to Giant Eagle by AGLIC and XL under the AGLIC Policy and the XL Policy, respectively.

## II.    Legal Standard

Summary judgment may be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light

most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).

The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

### III.     Discussion

In its Brief in Support, AGLIC makes patently clear that its Motion, which seeks judgment in AGLIC's favor on Giant Eagle's duty to defend related claims, relies on argument that Giant Eagle cannot rely on its payment of defense costs in arguing that AGLIC owes a duty to defend Giant Eagle in the Opioid MDL:

> Each of these other policies is subject to substantively identical terms and overall structure as the 2016 AGLIC Policy. Like the 2016 AGLIC Policy, each of the AGLIC Policies is an excess policy that can be triggered only upon exhaustion of the self-insured retention ("SIR"), deductible, and limit of underlying insurance by payment of covered judgments or settlements, not defense costs. Unless and until Giant Eagle has incurred liability (other than defense costs) sufficient to exhaust the underlying policies, AGLIC's duty to defend under the excess AGLIC Policies has not been triggered.

AGLIC's Br. in Supp. 1-2, ECF No. 201; *see also id.* at 10 ("Unless and until there is a judgment or settlement in the Opioid Lawsuits covered under and sufficient to exhaust the Old Republic

Policies' SIRs and limits, there is no ripe case or controversy regarding AGLIC's duty to defend."). XL's Brief makes clear that it relies on materially similar argument to that set forth by AGLIC. *See* XL's Br. in Supp. 7, ECF No. 205 ("XL has no duty to defend under the 2018 XL Policy because there has not been payment of a 'loss' (i.e., covered judgments or settlements, not defense costs) that exceeds the SIR, deductible, and limits of the underlying Old Republic Policy.").

Critically, and as noted above, Giant Eagle's Second Amended Complaint sets forth allegations that Giant Eagle has recently settled certain of the underlying Opioid MDL lawsuits for more than $2 million, that it continues to defend against several of the remaining Opioid MDL lawsuits, and that neither AGLIC nor XL has provided a defense in the Opioid MDL despite Giant Eagle's payment of these settlement amounts. Second Am. Complaint ¶¶ 2; 73; 87, ECF No. 233. Accordingly, Giant Eagle relies on a new trigger for AGLIC's and XL's duties to defend, and this Court is thus unable to award summary judgment on any of Giant Eagle's duty to defend related claims at this time. Giant Eagle raises argument to this effect in its briefing, and, in addressing the same, AGLIC and XL simply rely on argument that Giant Eagle has failed to definitively establish that any settlement has taken place. The Court notes that discovery is ongoing in this matter, and that information as to any settlement of any underlying Opioid MDL lawsuit can be pursued by way of discovery. The Court further notes that Giant Eagle attached a settlement agreement and Funds Transfer Notification (purportedly reflecting Giant Eagle's payment of a $6 million settlement amount) to its Motion seeking leave to amend. *See* ECF No. 226. In light of the above, the Court cannot conclude that summary judgment is appropriate as to any of Giant Eagle's claims at this time.

Further, and in any event, while both AGLIC and XL argue that summary judgment on their Counterclaims is appropriate at this time, the Court finds that it is in the interest of judicial

efficiency and economy that these issues be deferred until the completion of discovery in this matter. This case has involved extensive motion practice, and the Court anticipates discussing deadlines for further, comprehensive summary judgment motions following the completion of discovery. The Court finds that resolution of the Pending Motions at this time would do little to simplify or expedite this litigation moving forward, especially in light of Giant Eagle's recent amendment and the likelihood of further motion practice following discovery. AGLIC and XL may re-raise the issues presented in the Pending Motions following discovery in this matter, and can again make argument regarding the impact of the Court's prior holdings at that time. The Court believes, however, that consideration of all relevant issues following the completion of discovery is the most efficient use of both the Court's and the parties' time, and that the same will avoid inefficient, piecemeal adjudication in this matter. *See DMP Ltd. P'ship v. Caribou Coffee Co.*, No. CIV. A. 08-429, 2009 WL 2750257, at *3 (W.D. Pa. Aug. 26, 2009) ("Under the circumstances, Defendant's summary judgment Motion presents the type of piecemeal adjudication disfavored by federal courts."); *see also JDB Med., Inc. v. Sorin Grp.*, No. 07-CV-00350-REB-CBS, 2008 WL 791938, at *2 (D. Colo. Mar. 20, 2008) ("The piecemeal resolution of the issues raised in the motion for summary judgment will not simplify significantly or extenuate the evidence at trial.").

### IV.   Conclusion

Accordingly, for the reasons discussed above, the Court will dismiss AGLIC's Motion for Partial Summary Judgment without prejudice. The Court will also dismiss XL's Motion for Partial Summary Judgment without prejudice. The Court anticipates discussing the scheduling of a deadline for comprehensive summary judgment motions following the completion of all discovery in this matter. The Court's dismissal of the Pending Motions is without prejudice to either AGLIC

or XL re-raising any issue raised in the Pending Motions in such a comprehensive motion.  An appropriate Order of Court follows.

          BY THE COURT:

          s/*Robert J. Colville*
          Robert J. Colville
          United States District Judge

DATED: September 7, 2022

cc/ecf: All counsel of record