**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GIANT EAGLE, INC. and HBC SERVICE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, *et al.*,<br><br>Defendants. | ) | No. 2:19-cv-00904-RJC |
| GIANT EAGLE, INC. and HBC SERVICE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, *et al.*,<br><br>Defendants. | ) | No. 2:22-cv-00468-RJC |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court are the following Motions that have been filed in the-above captioned matters, which have been coordinated for pretrial proceedings: (1) a Motion for Leave to Supplement Complaints filed by Plaintiffs/Counter-Defendants, Giant Eagle, Inc. and HBC Service Company (collectively, "Giant Eagle"); and (2) a Motion to Appoint a Special Master filed

by Giant Eagle. *See* Case 1, ECF No. 269; Case 2, ECF No. 93.[1] The Motions at issue in each case are identical, and thus can be addressed in tandem, with the Court primarily referring to Case 1 in this Memorandum Order. The Court has jurisdiction in these matters pursuant to 28 U.S.C. § 1332. The motions at issue have been fully briefed and are ripe for disposition.

## I. Background

This Court has already issued several opinions in Case 1 (ECF Nos. 112; 179; 198; 249; 321), and, in doing so, has set forth in detail the relevant factual background and procedural history of this matter. Because the Court writes primarily for the benefit of the parties, who are surely familiar with the background of this case at this juncture, the Court incorporates its prior description herein and foregoes a recitation of the same in this Memorandum Order.

## II. Discussion

### A. Motion to Supplement

Giant Eagle relies on Fed. R. Civ. P. 15(d) in seeking to supplement its Complaints. Rule 15(d) provides:

> Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

"Defendants do not oppose Giant Eagle's Motion insofar as it seeks to add seven additional underlying opioid lawsuits to Giant Eagle's claim for 'bodily injury' coverage." ECF No. 345 at 1 n.2. Accordingly, the Motion to Supplement is granted with respect to that request. It is

[1] Consistent with its previous practice in this case, the Court will utilize the term "Case 1" to refer to the matter at 19-cv-904 and will utilize the term "Case 2" to refer to the matter at 22-cv-468.

otherwise denied. To the extent the "advertising injury" issue raised by Giant Eagle is preserved and is not barred by any relevant statute of limitations, Giant Eagle can file a separate lawsuit addressing the issues raised in its Motion to Supplement. Given the long pendency of this case, the Court perceives that there is not good cause, and that it is not just, to allow amendment that would change the landscape of cases that are otherwise poised for summary judgment motions.

**B. Motion to Appoint Special Master**

Pursuant to Federal Rule of Civil Procedure 53, a court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C).

The Motion to Appoint a Special Master is denied. While the Court notes a delay in addressing the most recent motions, it notes that, but for Giant Eagle's late attempts to amend (after previously being denied leave to amend), this case would be poised for consideration of motions for summary judgment, as discussed in the most recent status conference in this case. *See* ECF No. 340. Given the Court's significant experience with the case, including issuing opinions totaling nearly 200 pages, it seems appropriate that the case remain with the undersigned for that stage, as opposed to a special master unfamiliar with the case. If appropriate, this issue may be addressed at a later juncture.

## III. Conclusion and Order of Court

1) Giant Eagle's Motion to Supplement is granted insofar as it seeks to add seven additional underlying opioid lawsuits to Giant Eagle's claim for bodily injury coverage. It is otherwise denied. Giant Eagle may file a supplemental amended complaint consistent with this Memorandum Order by October 19, 2026, and Defendants shall file answers by November 2, 2026.

2) Giant Eagle's Motion to Appoint a Special Master is denied.

3) The parties shall propose a joint updated scheduling order or competing updated scheduling orders by November 9, 2026.

BY THE COURT:

*/s/Robert J. Colville*_______
Robert J. Colville
United States District Judge

DATED: September 28, 2026

cc: All counsel of record